FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* JUNE 17, 2025 *
BROOKLYN OFFICE

**LAW OFFICES OF SHAWN J. WALLACH**
SHAWN J. WALLACH
42 Broadway, Floor 12-243
New York, NY 10004
Telephone: (908) 601-6550
E-mail: Shawn@lawsjw.com

**BYRNES, O'HERN & HEUGLE, LLC**
John F. Byrnes, Esq.
195 East Bergen Place
Red Bank, New Jersey 07701
Telephone: (732) 219-7711
Email: jbyrnes@byrnesohern.com

**DRAGONFLY LAW GROUP, P.C.**
Judith A. Shapiro
Thomas J. Nitschke
731 St. Joseph St., Suite 230
Rapid City, SD
Telephone: (202) 257-6436
Email: jshapiro@dflylaw.com
tomn@dflylaw.com
*Attorneys for Plaintiff Shinnecock Indian Nation*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE SHINNECOCK INDIAN NATION,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF SOUTHAMPTON, SCOTT M. HOROWITZ, EDWARD J. WARNER, RICHARD T. MARAN, JR., JOSEPH MCLOUGHLIN, MATTHEW PARSONS, and RYAN MURPHY,<br><br>Defendants. | Civil Action No.<br><br>**25-CV-3392**<br>**Judge Nina J Choudhury**<br>**Magistrate Judge James M. Wicks** |

Plaintiff Shinnecock Indian Nation ("Shinnecock" or "Nation"), by and through its undersigned counsel, states and alleges as follows:

## NATURE OF THE ACTION

1. The Nation brings this action for declaratory, permanent and preliminary injunctive relief under 28 U.S.C. §2201 and Federal Rule of Civil Procedure 65 against the Town of Southampton ("Town" or "Southampton") and its various public officials engaged in unlawful and unconstitutional activity directly affecting the sovereignty of the Nation (collectively hereinafter referred to as "Defendants"), and for a declaration of the parties' legal rights with regard to Defendants' assertion of authority to regulate the Nation and its officials with respect to activities occurring on restricted fee land held by the Nation since time immemorial.

2. In January 2025, the U.S. Department of the Interior affirmed that the Nation's Westwoods property is and has always been restricted fee lands and "is within the purview of the Nonintercourse Act and is therefore restricted against alienation absent consent of the United States." Subsequently, the Bureau of Indian Affairs recorded the Nation's Westwoods tract in the official rolls of as "Restricted Fee" land. Federal law comprehensively regulates the Nation's use of its restricted fee land at Westwoods, and Defendants' actions and conduct in attempting to regulate activities on Westwoods is an ongoing violation of federal law.

3. The Nation therefore brings this action seeking declaratory and injunctive relief to require the following: the Nation, its officials, and its restricted fee lands are not subject to the Southampton Town Code, are not subject to zoning or restriction by the Town of

Southampton, are not subject to state or municipal construction or event permit requirements while engaged in the business of the Nation on restricted fee land, and an injunction against attempts by Defendants to impose their ordinances, zoning, resolutions, or state laws on these restricted fee lands or enforce the provisions of those ordinances, resolutions, or state laws against the Nation, its officials, and employees.

4. The Nation further seeks a declaration that the Town Defendants are violating federal law by threating imminent legal action against the Nation's use of its Westwoods parcel for parking at the upcoming Palm Tree Music Festival scheduled for June 21, 2025. On June 12, 2025, Ryan Murphy, Southampton Town Code Compliance & Emergency Management Administrator, wrote in a "cease and desist" letter that "any individuals occupying/operating and contracted to occupy/operate" planned parking activities at Westwoods in conjunction with the Palm Tree Music Festival would engage in "illegal activity/planned illegal activity in violation of the Southampton Town Code." Administrator Murray also stated that the "[f]ailure to comply with this notice will result in legal action taken upon you by the Town of Southampton." The Nation seek a declaration that Southampton's threat of imminent legal action is a violation of federal law, and an injunction to prevent such violation of federal law.

5. Such relief will bring the Nation's use of its restricted fee lands into compliance with federal law.

## PARTIES

6. Plaintiff Shinnecock Indian Nation is a federally recognized Indian nation. *See* Indian Entities Recognized to Receive Services from the United States Bureau of Indian Affairs, 89 Fed. Reg. 99,899, 99,901 (Dec. 11, 2024). The Nation is governed by its Council

of Trustees. The Nation's principal government offices are located at 1 Church Street, Shinnecock Territory, Southampton, NY 11968.

7. Defendant Town of Southampton is an incorporated municipality in Suffolk County, State of New York. Its principal offices are located at 116 Hampton Road, Southampton, NY 11968.

8. Defendants Scott M. Horowitz, Edward J. Warner, Richard T. Maran, Jr., Joseph McLoughlin, and Matthew Parsons (collectively, "Trustees") are members of the Board of Trustees of the Freeholders and Commonality of the Town of Southampton and as such are the public officials responsible for implementing and enforcing the laws, ordinances, and resolutions of the Town.

9. Defendant Ryan Murphy is the Town Code Compliance & Emergency Management Administrator for the Town of Southampton and as such responsible for implementing and enforcing the laws, ordinances, and resolutions of the Town

## JURISDICTION

10. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1362 (because the Nation's claims arise under federal law); 28 U.S.C. § 1362 (because this case is brought by an Indian nation and arises under federal law).

11. The Nation maintains a government-to-government relationship with the United States and has a governing body duly recognized by the Secretary of the Interior and the State of New York. The Federal Government recognizes the Nation's lands as restricted fee status.

12. The Nation asserts claims arising under the Constitution, laws and treaties of the United States, including but not limited to Art. I, § 8, cl. 3, Art. II, § 2, cl. 2, and Art. VI of the United States Constitution; and the federal common law.

13. This Court has jurisdiction to grant the declaratory relief requested in this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, in addition to the other sources of law identified above.

14. This Court has jurisdiction to grant injunctive relief to prevent ongoing violations of federal law by State officials. *Ex Parte Young*, 209 U.S. 123 (1908).

## VENUE

15. Venue is proper in this district under 28 U.S.C. § 1391(b) inasmuch as the Nation's

16. Restricted Fee lands and the Town are located within the district and the events giving rise to the claims made by the Nation occurred within the district.

## THE SUBJECT LANDS

17. The Nation holds the property that is the subject of this action in restricted fee. That tract is commonly known as the Westwoods Territory.

18. The Westwoods Territory consists of landholdings on the eastern end of Long Island within the boundaries of the State of New York. These have been their ancestral lands since before Europeans first colonized Long Island.

19. As described in current federal records, Westwoods is an unencumbered 84 acre parcel of land in the United States that is recorded in the Trust Asset and Accounting Management System (TAAMS) as Tract 049 T 100 and described as "All of that tract or parcel

of Shinnecock Indian Nation Land known as "The Westwoods" situate in Hampton Bays, Town of Southampton, County of Suffolk, State of New York as shown on a plat of survey titled "Map Showing Land of Shinnecock Tribe Canoe Place" dated April 8th 1963, by C. M. Raynor, NYS Land Surveyor License No. 36187, filed in the Suffolk County Register of Deeds Office, Miscellaneous File No. A 194." The description is current, complete, and without defect, following standard Bureau of Indian Affairs (BIA) and U.S. legal land description practices. The United States has found no encumbrances to this land. The Solicitor's Office concluded that Westwoods is within the purview of the Noninterource Act and is restricted against alienation absent consent of the United States

20. These lands are collectively known as the Westwoods Territory (hereinafter "Westwoods" or "Westwoods Territory").

21. The Westwoods Territory is Indian Country.

22. According to all available land records, Suffolk County has always recognized the Westwoods Territory's special status as Indian land. All five subdivision maps filed with the Suffolk County Clerk between 1929 and 1993 refer to the Westwoods tract as "Indian Lands," "Shinnecock Reservation," or "Shinnecock Tribe."

23. In 1929, public records described the Westwoods as "Indian Land."

24. This recognition continued through the 1993 filing of the Newton Estates Filed Map #9340, which identifies the Westwoods tract as "Shinnecock Indian Reservation."

25. No one has challenged these public records identifying the Westwood Territory as "Indian Land" or the "Shinnecock Indian Reservation." These land maps put the world on notice that the Westwoods Territory is tribal land.

26. The Town of Southampton identifies the Westwoods Territory as "Indian Reservation" land for the purpose of tax assessment. Indeed, the Westwoods Territory has never been subject to taxation by the Town of Southampton.

27. The Town of Southampton's current zoning map shows that the Westwoods Territory has no zoning status and is instead marked IND-RES for "Indian Reservation." This distinguishes the Westwoods Territory from neighboring parcels, which have zoning designations in the Town's zoning map.

28. On January 2, 2025, Bryan Newland, Assistant Secretary – Indian Affairs, of the United States Department of the Interior signed a letter addressed to the Shinnecock Indian Nation:

> The Department examined the land title status of the Westwoods parcel and determined that it is within the Nation's aboriginal territory, that the Nation has resided within its aboriginal territory since time immemorial and has never removed therefrom, and that Westwoods is within the purview of the Nonintercourse Act and is therefore restricted against alienation absent consent of the United States. This land is and has always been restricted fee land held by the Nation and is now recorded to reflect such status.

29. Jamie Allen, Manager of the Branch of Land Titles and Records of the Bureau of Indian Affairs ("BIA"), signed a Title Status Report demonstrating that the Westwoods tract has been recorded in the official rolls of the BIA as "Restricted Fee" land. A true and correct copy of that Title Status Report for the Westwoods is annexed and incorporated hereto as **Exhibit A**.

30. The recording of the Westwoods constituted the official act of a federal agency, the BIA. The Title Status Report was generated by the Branch of Land Titles and Records ("BLTR"), a subdivision of the BIA's Division of Trust Asset Ownership and Title.

31. Thus, the Title Status Report introduced herein shows that the BIA has recorded the Westwoods Territory as "Restricted Fee." The BLTR verified this fact by accessing the TAAMs database. That database holds the trust asset records for Indian Tribes across the United States. BIA, *Division of Trust Asset Ownership and Title*, https://www.bia.gov/bia/ots/dtaot (last visited May 12, 2025).

32. The Report also confirms the status of the Westwoods as Restricted Fee within the "the Trust Asset Accounting Management System (TAAMS), which is the system of record for trust land management for the Department of the Interior." *See* Bureau of Indian Affairs, *Division of Trust Asset Ownership and Title*, https://www.bia.gov/bia/ots/dtaot (last visited May 12, 2025).

33. The Title Status Report conclusively demonstrates that the Westwoods Territory has been recorded as "Restricted Fee" in the federal lands rolls:

> **Title Status**
>
> Tract 049 T 100 [the Westwoods] is held by the United States of America in trust for the land owner(s) with trust interests and/or by the land owner(s) with restricted interests and/or fee simple interests, as listed in Appendix "B" attached to and incorporated in this Title Status Report.
>
> The title to Tract 049 T 100 is current, complete, correct, and without defect. **Ownership is** in unity and interests are owned **in the following title status: restricted.**
>
> The tract ownership is encumbered by the title documents which have been approved by a properly delegated Federal official and are required to be recorded by law, regulation, or Bureau policy as listed on Appendix "C" attached to and incorporated in this Title Status Report.

34. Appendix B lists one hundred percent of the Westwoods parcel at issue in this matter, Tract 049 T 100, as "Restricted Fee." *Id.* Appendix C demonstrates that the United

States did not find any title defects or encumbrances to the Westwoods. *Id.* Appendix E states the reason the Westwoods was formally restricted from alienation by operation of federal law: "The Solicitor's Office concluded that Westwoods Territory is within the purview of the Nonintercourse Act and is restricted against alienation absent consent of the United States." *Id.*

35. The Nation's territory has been continuously protected by its Restricted Fee status since the 1790 enactment of the Non-Intercourse Act.

36. The Town cannot dispute that the Westwoods Territory is and has always been held by the Nation in "Restricted Fee" and "restricted against alienation absent consent of the United States." *Id.*

## ALLEGATIONS COMMON TO ALL COUNTS

37. In recent years, the Nation has pursued economic development projects on its ancestral lands in the Westwoods Territory.

38. The Nation holds an annual festival, the Palm Tree Music Festival, on other Nation lands, with parking for the Nation's event staff located on its restricted fee Westwoods tract.

39. The Nation has also begun construction on a gas station plaza within the Westwoods.

40. The Nations earns much-needed revenue from this Festival.

41. The Nation anticipates additional revenue from its other economic projects.

42. The revenue from the Festival supplies much-needed funds for meals for seniors, after-school Indian education, and even salaries for the employees providing health and safety services within the Nation.

43. Defendants have repeatedly taken action to prevent the Nation from making use of its ancestral lands in the Westwoods Territory despite their "Restricted Fee" status.

44. The Nation intends to hold its annual Palm Tree Music Festival this upcoming weekend, on June 21, 2025.

45. Most recently, on June 12, 2025, Defendants served a cease and desist letter upon a nonparty vendor that provides services to the Nation for the Festival.

46. The Town also claims that the entire Westwoods Territory is subject to the Southampton Town Code.

47. The Town also claimed that the Westwoods Territory had been zoned R-80, or Residential.

48. These claims are unsupported, as the Westwoods Territory currently has no zoning status and is instead marked IND-RES for "Indian Reservation" in the Town's records.

49. Defendants demanded that the vendors refrain from using the Westwoods Territory to park vehicles, even though the Westwoods Territory is not subject to regulation by Defendants.

50. Further, the Town's cease-and-desist letter is inappropriately directed at the Nation's vendor when the Nation will be using the Westwoods for its own purposes.

51. Upon information and belief, Defendants intend to prevent the Festival to inflict damage on the Nation and intimidate it into cancelling its other economic projects in the Westwoods.

52. Defendants sent the cease-and-desist letter to interfere with the Nation's contractual relationship and thereby visit economic and reputational harm upon the Nation.

53. The Nation is in the second year of a five-year contract with the targeted vendor for the Festival, and the Town's actions threaten the Nation's ability to perform under that contract.

54. Nonperformance will cause the Nation to suffer damages and will also cause irreversible reputation loss for the Nation in the live event industry and other commercial dealings.

55. Thus, the Town's actions will not only prevent the current Festival from happening but also impair the Nation's ability to find economic partners for future development projects.

56. When the Nation sent a responding letter to the Town, the Town doubled down on its unlawful and unconstitutional regulation of the Nation's sovereign territory by telling the Nation's vendors to ignore the Nation's position.

57. In recent months, the Town has aggressively attacked the Nation's service plaza project in the Westwoods Territory, asserting regulatory authority to enjoin such development.

58. The Nation fears that the Town will seek another injunction from the courts of the State of New York to prevent the Festival from happening next weekend.

59. This campaign to restrict development has effectively robbed the Nation of the potential commercial value of its Westwoods Territory Restricted Fee land, developments critical to the Nation's sovereign efforts to provide for its people.

60. Defendants have interfered with the Nation's economic development and threaten the provision of essential services to the young and elderly in the Nation.

61. Federal law and the Constitution of the United States prohibit such unlawful action.

## FIRST COUNT
## (Federal Preemption)

62. The Nation repeats and realleges all preceding paragraphs as if set forth fully herein.

63. Under federal common law and rules governing construction of Indian statutes, federal law pre-empts the application of state and local law and regulation to recognized tribes and their Restricted Fee lands located within Indian country.

64. Defendants seek to force the Nation, acting in Indian Country, to comply with the Southampton Town Code.

65. States' relationships with federally-recognized Indian tribes are limited by the Indian Commerce Clause of the U.S. Constitution. U.S. Const. art. I, § 8, cl. 3.

66. As a result, pervasive federal regulation ousts state and local regulation absent specific Congressional authorization.

67. 25 U.S.C. § 233 grants limited civil adjudicatory jurisdiction to the State of New York but does not confer regulatory authority over Indian lands.

68. Only Congress, through express and explicit action, can regulate an Indian tribe or otherwise limit their sovereign powers.

69. No federal statute provides Defendants with regulatory jurisdiction to enforce the Southampton Town Code or construction permit requirements on the Nation's Restricted Fee land.

70. Defendants impermissibly seek to expand the Town's regulatory authority over the Nation in a manner forbidden by the U.S. Constitution. Such acts violate the rights of the Nation and improperly alter the constitutional balance of federal, state, and tribal authorities.

71. Defendant must not be allowed to use State or Town law as a means for expanding Town regulatory jurisdiction into Indian Country.

72. Defendants' attempt to regulate activity on and the use and enjoyment of the Nation's Restricted Fee lands through the Southampton Town Code, Southampton ordinances or resolutions, or state or local construction permit requirements are pre-empted by the pervasive and comprehensive federal regulation of the Nation's Restricted Fee lands in the Westwoods Territory.

73. Defendants' attempts to regulate said activity violate the Indian Commerce Clause, federal statutes, and federal regulations.

**SECOND CLAIM FOR RELIEF**
**(Infringement of Tribal Self-Government)**

74. The Nation repeats and realleges all preceding paragraphs as if set forth fully herein.

75. The Nation holds inherent powers of self-government, including the authority to manage and regulate the Westwoods Territory, its Restricted Fee lands.

76. Another of the Nation's inherent powers of self-government is immunity from local and state regulation as an entity and efforts to prosecute the Nation, its elected officials, and its employees for alleged violations of state and local laws when acting in accordance with tribal authority.

77. The Nation's interest in regulating its Restricted Fee lands, including the conduct of special events and the pursuit of economic projects thereon, far outweighs any purported interest Defendants assert in regulating the Nation's Restricted Fee lands.

78. The Nation comprehensively manages and regulates the conduct of special events on its Restricted Fee lands in general, and the annual Palm Tree Music Festival in particular, leaving no opportunity for the interstitial exercise of any local or state authority in that regard.

79. Similarly, the Nation comprehensively manages and regulates economic development activity on its Restricted Fee lands in general, and the service plaza project in particular, leaving no opportunity for the interstitial exercise of any local or state authority in that regard.

80. It is overriding federal policy and law to protect the Nation in the exercise of its inherent powers of self–government, including regulation of its Restricted Fee for purposes of special events and immunity of the Nation, its officials, and employees in the exercise thereof.

81. Defendants' attempts to impose the Southampton Town Code on the Restricted Fee lands and thereby regulate the Palm Tree Music Festival or the service plaza construction project violate the Nation's inherent powers of self-government and is, therefore, pre-empted by federal law.

**THIRD COUNT**
**(Declaratory Judgment Act)**

82. The Nation repeats and realleges all preceding paragraphs as if set forth fully herein.

83. A controversy exists between the Nation and Defendants concerning the Defendants' authority to enforce the Southampton Town Code against them on land owned in Restricted Fee by the Nation.

84. Defendants contend that the Nation must comply with the Southampton Town Code for activity that occurs on Restricted Fee ancestral lands of the Nation.

85. Defendants' positions are contrary to the limits placed on state jurisdiction by the U.S. Constitution, federal statutes and regulations, and tenets of federal Indian law.

86. Pursuant to 28 U.S.C. §§ 2201 and 2202, judicial determination of the parties' rights with respect to Defendants' power to regulate the Nation, or exercise jurisdiction over its land, is necessary and appropriate.

87. The Nation has no equally plain, speedy or adequate remedy to determine its rights other than seeking declaratory relief.

**FOURTH COUNT**
**(Injunctive Relief)**

88. The Nation repeats and realleges the preceding paragraphs as if set forth fully herein.

89. Given the conduct described above and the imminent harm that the Nation and its people will suffer, prospective injunctive relief to prevent ongoing violations of federal law is appropriate.

90. Moreover, given the heightened interests concerning the Nation's sovereignty and economic development, prospective injunctive relief to prevent ongoing violations of federal law is appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, the Nation prays that judgment be entered in its favor and against Defendants as follows:

A. A declaration that the Nation, its officials, and the Nation's Restricted Fee lands are beyond the reach of the regulatory jurisdiction of the Town of Southampton;

B. A declaration that the Nation, its officials, and the Nation's Restricted Fee lands are beyond the reach of the Town Code and that the Town lacks authority to enforce the Code against the Nation, its officials, and employees on those lands;

C. A declaration recognizing that the federal recording of the Westwoods tract in the BIA's TAAMS database as Restricted Fee since time immemorial dispositively ousts the Town from zoning, regulating, or taxing such lands;

D. A permanent injunction against Defendants' attempt to impose its Southampton Town Code on the Nation's Restricted Fee lands and any effort

by the Town and its officials to enforce the Town's ordinances or resolutions as to the Nation, its officials, and its employees on the Restricted Fee lands;

E. A preliminary injunction against any attempts by the Town and its officials to impose its Southampton Town Code on the Nation, its official, and its employees on the Nation's Restricted Fee lands in relation to the conduct of the Palm Tree Music Festival;

F. Award costs, fees and expenses, and reasonable attorneys' fees and expenses, to the Nation; and

G. All relief available, at law or in equity to enforce the rights of the Nation as alleged in this Complaint, and such other and further relief, both special and general, at law or in equity as the Court may deem just and proper.

Respectfully Submitted,

Dated: June 16, 2025
Brooklyn, New York

BY: ______________________

SHAWN J. WALLACH
LAW OFFICES OF SHAWN J. WALLACH
42 Broadway, Floor 12-243
New York, New York 10004
Telephone: (908) 601-6550
E-mail: Shawn@lawsjw.com

**BYRNES, O'HERN & HEUGLE LLC**
JOHN F. BYRNES
195 East Bergen Place
Red Bank, New Jersey 07701
Phone: (732) 219-7711

**DRAGONFLY LAW GROUP, P.C.**
JUDITH A. SHAPIRO
731 St. Joseph St., Suite 230
Rapid City, SD
Telephone: (202) 257-6436
Email: jshapiro@dflylaw.com

THOMAS J. NITCHKE
731 St. Joseph St., Suite 230
Rapid City, SD
Telephone: (605) 646-0189
Email: tomn@dflylaw.com
*Attorneys for Plaintiff*

# EXHIBIT

# A

**United States Department of the Interior**
**Bureau of Indian Affairs**
**Title Status Report**

Report Certification Time and Date: 01/07/2025 04:03:50 PM
Requestor: KLAURENZ Date/Time: 01/07/2025 16:04:02

| Land Area | Land Area Name | Tract Number | LTRO | Region | Agency | Resources |
|---|---|---|---|---|---|---|
| 049 | SHINNECOCK INDIAN NATION | T 100 | ANADARKO, OK | EASTERN REGIONAL OFFICE | NEW YORK LIAISON OFFICE | Both |

Original Allottee: THE WESTWOODS PROPERTY

See Appendix A for Land Legal Descriptions

**Title Status**

Tract 049 T 100 is held by the United States of America in trust for the land owner(s) with trust interests and/or by the land owner(s) with restricted interests and/or fee simple interests, as listed in Appendix "B" attached to and incorporated in this Title Status Report.

The title to Tract 049 T 100 is current, complete, correct, and without defect. Ownership is in unity and interests are owned in the following title status: restricted.

The tract ownership is encumbered by the title documents which have been approved by a properly delegated Federal official and are required to be recorded by law, regulation, or Bureau policy as listed on Appendix "C" attached to and incorporated in this Title Status Report.

See Appendix D for all other documents that are required to be recorded by law, regulation or Bureau policy.

See Appendix E for Tract Notes and/or Coded Remarks.

This report does not cover encroachments nor any other rights that might be disclosed by a physical inspection of the premises, nor questions of location or boundary that an accurate survey may disclose. This Report also does not cover encumbrances, including but not limited to irrigation charges, unpaid claims, not filed or recorded in this Land Titles and Records Office. This report does not state the current ownership of the interests owned in fee simple but states the ownership at the time the interest ceased to be held in trust or restricted ownership status.

This Title Status Report is a true and correct report of the status of title to the real estate described herein according to the official land records recorded and maintained in this office.

Jamie Allen

Manager, Land Titles and Records

**Appendix "A"**

| Land Area | Land Area Name | Tract Number | LTRO | Region | Agency | Resources |
|---|---|---|---|---|---|---|
| 049 | SHINNECOCK INDIAN NATION | T 100 | ANADARKO, OK | EASTERN REGIONAL OFFICE | NEW YORK LIAISON OFFICE | Both |

**Land Legal Descriptions**

| Survey No. | Abstract | State | County | Acres |
|---|---|---|---|---|
| SOUTHAMPTON TWP | | NEW YORK | SUFFOLK | 84.000 |

DESCRIPTION: All of that tract or parcel of Shinnecock Indian Nation land known as "The Westwoods," situate in Hampton Bays, Town of Southampton, County of Suffolk, State of New York as shown on a plat of survey titled "Map Showing Land of Shinnecock Tribe Canoe Place" dated April 8th 1963, by C. M. Raynor, NYS Land Surveyor License No. 36187, filed on May 16th 1963 in the Suffolk County Register of Deeds Office, Miscellaneous File No. A 194, bounded and described as follows: Beginning as a marble monument located at the Southwest corner of the Hampton Pine Beach Subdivision, Town of Southampton, Hampton Bays, as shown on a map filed in the Suffolk County Register of Deeds on October 11th 1929, File No. 163 ABS No. 949. Thence; S.76°19'07"W., 1015.72ft. along the North boundary of Holzman Enterprises Subdivision and DIMAX Realty L.P. to a marble monument at the Northwest corner of DIMAX Realty L.P. Thence; S.10°24'48"E., 1395.07 ft. along the West boundary of DIMAX Realty, Harold and Diane Holzman, and Jose Sanchez, to a 1963 monument set by C. M. Raynor L.S. No. 36187, said monument is located on the North boundary of land described in a NYS Department of Public Works Notice of Appropriations for Sunrise Highway, dated May 13th 1959 and recorded at the Suffolk County Register of Deeds Office, L-4662 P-462, filed on July 22nd 1959. Thence; continuing S.10°24'48"E., 290.08ft., along the East boundary of the land of the Shinnecock Indian Nation, continuing across the said land described in a NYS Department of Public Works Notice of Appropriations for Sunrise Highway, to a 1963 monument set by C. M. Raynor L.S. No. 36187, said monument is located at the Northwest corner of the lands of Niel and Patricia Hickey. Thence; continuing S.10°24'48"E., 241.43ft. along the West boundary of Niel and Patricia Hickey, to a marble monument located on the North boundary of Lot 2 of the Newtown Estates Subdivision, Hampton Bays, Town of Southampton, as shown on a map filed in the Suffolk County Register of Deeds Office on April 7th 1993, File No. 9340 ABS No. 12208. Thence; S.88°59'20"W., 462.25 ft. along the North boundary of the Newtown Estates Subdivision and Holzman Estates Subdivision, Section 3, as shown on a map filed in the Suffolk County Register of Deeds Office on November 20th 1964, File No. 4205 ABS No. 4856. Thence; N.17°48'50"W., 143.34 ft. along the East boundary of Squirewoods Subdivision, Hampton Bays, Town of Southampton, as shown on a map filed in the Suffolk County Register of Deeds Office on September 24th 1976, File No. 6450 ABS No. 8145, to a 1963 monument set by C. M. Raynor L.S. No. 36187, said monument is located on the South boundary of land described in a NYS Department of Public Works Notice of Appropriations for Sunrise Highway, dated May 13th 1959 and recorded at the Suffolk County Register of Deeds Office, L-4662 P-462, filed on July 22nd 1959. Thence; N.17°50'39"W., 427.12 ft., along the West boundary of the land of the Shinnecock Indian Nation, continuing across the said land described in a NYS Department of Public Works Notice of Appropriations for Sunrise Highway, to a 1963 monument set by C. M. Raynor L.S. No. 36187, said monument is located at the Southeast corner of Ravenswood Subvision, Hampton Bays, Town of Southampton, as shown on a map dated September 25th 1981, filed in the Suffolk County Register of Deeds Office with an illegible recording date, File No. 7079, ABS No. 9143. Thence; along the East boundary of the Ravenswood Subvision the following six (6) courses, N.17°48'40"W., 26.13ft. N.17°50'40"W., 593.56 ft. N.17°49'30"W., 354.36 ft. N.17°50'30"W., 290.71 ft. N.17°49'30"W., 210.93 ft. N.17°52'00"W., 274.63 ft. to a marble monument. Thence; continuing along the East boundary of the Ravenswood Subvision the following two (2) courses, N.16°20'30"W., 661.06 ft.

**Appendix "A"**

| Land Area | Land Area Name | Tract Number | LTRO | Region | Agency | Resources |
|---|---|---|---|---|---|---|
| 049 | SHINNECOCK INDIAN NATION | T 100 | ANADARKO, OK | EASTERN REGIONAL OFFICE | NEW YORK LIAISON OFFICE | Both |

| Survey No. | Abstract | State | County | Acres |
|---|---|---|---|---|

N.15°40'00"W., 209.02 FT., passing through a concrete highway monument at 192.36 ft. to the South side of Newtown Rd. Thence; N.14°43'50"W., 801.75 ft. over Newtown Rd. and along the East boundary of 106 Newtown Rd. LLC., to the Peconic Bay, passing through a drill hole in a brick wall at 518.73 ft. Thence; along the Peconic Bay the following two (2) courses, S.65°33'00"E., 981.56 ft. S.73°23'10"E., 1182.75 ft. to the Northwest corner of said Hampton Beach Subdivision. Thence; S.13°55'03"E., 960.72 ft. passing through a marble monument at the toe of slope to the cliff at the Peconic Bay, along the West boundary of the Hampton Beach Subvision to the Point of Beginning. All the above courses and distances are as reported on a plat of survey by C.M. Raynor, L.S. No. 36187, dated April 8th 1963, titled "Map Showing Land of Shinnecock Tribe Canoe Place" filed on May 16th 1963 in the Suffolk County Register of Deeds Office, Miscellaneous File No. A 194. This property contains 84.00 acre, more or less.

TOTAL TRACT ACRES: 84.000

**Appendix "B"**

| Land Area | Land Area Name | Tract Number | LTRO | Region | Agency | Resources |
|---|---|---|---|---|---|---|
| 049 | SHINNECOCK INDIAN NATION | T 100 | ANADARKO, OK | EASTERN REGIONAL OFFICE | NEW YORK LIAISON OFFICE | Both |

Effective Ownership as of 12/30/2024

| ------------- OWNER ------------- | | | | | ---- DOCUMENT ---- | | | NAME ACQUIRED | FRACTION | AGGR SHARE | AGGREGATE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Tribe & Code | ID No. / DOB | Indian / NonIndian | Title | Interest* | Class | Type | Number | SURNAME / FIRST NAME | AS ACQUIRED | CONVERTED TO LCD | DECIMAL |
| 051 SHINNECOCK INDIAN NATION | T000052 | Tribe | Restrict | All | Secretar | SPEC AUT | 184503 | SHINNECOCK INDIAN NATION | 1<br>1 | 1<br>1 | 1.0000000000 |

* "All" means the equitable beneficial interest and the legal title interest merged together.

| | | |
|---|---|---|
| IN TRUST: | 0<br>1 | .0000000000 |
| IN RESTRICTED FEE: | 1<br>1 | 1.0000000000 |
| IN FEE: | 0<br>1 | .0000000000 |
| IN TOTAL: | 1<br>1 | 1.0000000000 |

**Appendix "C"**

| Land Area | Land Area Name | Tract Number | LTRO | Region | Agency | Resources |
|---|---|---|---|---|---|---|
| 049 | SHINNECOCK INDIAN NATION | T 100 | ANADARKO, OK | EASTERN REGIONAL OFFICE | NEW YORK LIAISON OFFICE | Both |

Ownership of Tract 049 T 100 is encumbered by the following:

NO REALTY DOCUMENTS FOUND

NO REALTY DEFECTS FOUND

NO TITLE DEFECTS FOUND

NO ENCUMBRANCES FOUND

**Appendix "D"**

| Land Area | Land Area Name | Tract Number | LTRO | Region | Agency | Resources |
|---|---|---|---|---|---|---|
| 049 | SHINNECOCK INDIAN NATION | T 100 | ANADARKO, OK | EASTERN REGIONAL OFFICE | NEW YORK LIAISON OFFICE | Both |

No Contracts to list for Appendix D

No Encumbrances to list for Appendix D

**Appendix "E"**

| Land Area | Land Area Name | Tract Number | LTRO | Region | Agency | Resources |
|---|---|---|---|---|---|---|
| 049 | SHINNECOCK INDIAN NATION | T 100 | ANADARKO, OK | EASTERN REGIONAL OFFICE | NEW YORK LIAISON OFFICE | Both |

The following notes apply to this land title:

| | |
|---|---|
| Tract Notes (Other) | The Solicitor's Office concluded that Westwoods is within the purview of the Nonintercourse Act and is restricted against alienation absent consent of the United States. |