**THOMAS NITSCHKE**
3016 MARY KAY LANE
GLENVIEW, IL 60026
T: (720) 454-0129
E: TOMN@DFLYLAW.COM
WWW.DRAGONFLYLAWGROUP.COM

October 21, 2026

**VIA ECF**
Hon. Nusrat J. Choudhury
United States District Judge
United States District Court
Eastern District of New York

**Re:** ***The Shinnecock Indian Nation v. Town of South Hampton et al.*, No. 2:25-cv-03392-NJC-JMW**

**Related actions: *Town of Southampton, New York v. United States Department of the Interior et al.*, No. 2:26-cv-06571-HG (formerly No. 1:25-cv-02541 (D.D.C.)); *The Shinnecock Indian Nation v. Hochul et al.*, No. 2:25-cv-07034-NJC-JMW**

Dear Judge Choudhury:

We represent the Shinnecock Indian Nation (the "Nation"). Pursuant to Rules 3(a)–(c) of this District's Rules for the Division of Business, the Nation moves to designate the newly transferred APA action, No. 26-cv-06571, as related to the above-captioned Nation–Town action and the Nation's easement action, No. 25-cv-07034, and to reassign it accordingly.

This letter also requests a premotion conference under Local Civil Rule 7.1(e) (authorizing premotion-conference requests by letter-motion) and Your Honor's Individual Rule 5.1 (governing premotion submissions), or leave to proceed without a conference, concerning a motion under Federal Rule of Civil Procedure 42(a) to consolidate the APA action with the Nation–Town action after reassignment. The Nation does not seek consolidation with the easement action through this proposed motion. Assigning these cases to one judge will avoid duplicative consideration of Westwoods' federal land status.

The Nation–Town action concerns the Town's asserted regulatory authority over the Nation's use of Westwoods. The transferred APA action challenges Interior's determination recognizing and recording Westwoods as restricted-fee land belonging to the Nation. The Nation intervened as a defendant in the APA action, and the District of Columbia court subsequently granted transfer to this District. Interior's determination and the certified title record also bear on the Nation's easement action already before Your Honor. These proceedings therefore intersect over the same property, its federal status, and the consequences of that status for asserted state and local authority.

Rule 3(a) requires more than common parties or identical legal issues: relatedness must promise substantial judicial savings because of similar facts and legal issues or common

transactions or events. The Nation meets that standard here. Separate assignments would require two judges to develop familiarity with Westwoods' title and federal status and to address overlapping arguments about the significance of Interior's determination. Assignment to Your Honor would permit coordinated consideration of those issues, reduce duplicative submissions, and diminish the risk of inconsistent treatment without predetermining any claim's merits. Rules 3(a)–(c) (defining relatedness and providing the determination and reassignment procedures).

The Nation submits this application in No. 25-cv-03392, the lowest-numbered identified action. The Nation will file notice of this application in both other affected actions. To the extent Rule 3(b)'s service-based deadline has elapsed, the Nation requests permission for this filing for good cause: the APA action originated in another district and has only recently been transferred and assigned here. Reassignment remains subject to Rule 3(b)'s procedures for agreement between the assigned judges or determination by the Chief Judge.

Consolidating the APA and Nation–Town actions will advance their common issues without erasing their procedural differences. Rule 42(a)(1)–(3) permits consolidation, joint consideration of common issues, or other orders avoiding unnecessary cost or delay when actions share a question of law or fact. The proposed motion will explain why the APA challenge and the Nation–Town action satisfy that standard: the former addresses the validity of Interior's restricted-fee determination, while the latter concerns the Town's asserted authority over the Nation's use of the affected land. Consolidation would allow one judge to sequence these interdependent questions and coordinate briefing rather than require parallel adjudications of their overlapping premises.

The Nation proposes No. 25-cv-03392 as the lead docket, with a case-management order preserving each action's claims, parties, defenses, and applicable standards of review. Consolidation should not expand APA review beyond its proper administrative record or automatically subject the federal defendants to discovery in the Nation–Town action. Nor should it resolve jurisdictional questions, waive sovereign immunity, or delay pending applications. If full consolidation would create unnecessary complexity, the Nation alternatively seeks coordinated briefing and adjudication of the common issues under Rule 42(a)(1) and (3).

Judge Gonzalez's October 15, 2026, Order requires a joint letter by October 29 addressing a proposed schedule for NYSDOT's intervention motion and the federal defendants' response deadline; the Order holds any previously set response deadline in abeyance until a new date is set. The Nation does not ask this Court to disturb that Order through this letter. Unless modified by the assigned court, the Nation will comply with the existing requirements while seeking reassignment and a coordinated schedule. The required conferral and premotion disclosures will permit an informed procedural determination.

Pursuant to Division of Business Rule 3(b), I certify that on October 16 and October 19, 2026, counsel conferred in good faith with all other parties in the affected actions concerning related-case designation and consolidation. The positions of the parties are as follows.

No objection to the notice of related case; object to consolidation:

- Town of Southampton through Jason Scherr (in Town of Southampton, New York v. United States Department of the Interior et al., No. 2:26-cv-06571-HG, and in The Shinnecock Indian Nation v. Town of South Hampton et al., No. 2:25-cv-03392-NJC-JMW)
- United States Department of the Interior, through Cody McBride (in Town of Southampton, New York v. United States Department of the Interior et al., No. 2:26-cv-06571-HG)
- New York State Department of Transportation, through Erik Goergen (in Town of Southampton, New York v. United States Department of the Interior et al., No. 2:26-cv-06571-HG)
- Kathleen Hochul, Letitia James, and Marie Dominguez through Rosalinde Casalini (in The Shinnecock Indian Nation v. Hochul et al., No. 2:25-cv-07034-NJC-JMW). Counsel has not received a response from Attorney Kasschau, counsel for Maureen Liccione.

The Nation respectfully requests related-case designation and reassignment under Rule 3, followed by a premotion conference concerning consolidation, or waiver of that conference and a Court-approved briefing schedule. If the Court permits briefing, the Nation proposes an opening motion within fourteen days after authorization, opposition fourteen days thereafter, and reply seven days thereafter, subject to the Court's direction and existing orders.

Respectfully submitted,

**Thomas J. Nitschke**
Dragonfly Law Group, P.C.

cc: All counsel of record in the affected actions (via ECF)